IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|     Plaintiff, | ) | **ORDER DENYING MOTION FOR ACQUITTAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sharmake Mohamed Abdullahi, | ) | Case No. 3:21-cr-220 |
| | ) | |
|     Defendant. | ) | |

Defendant Sharmake Mohamed Abdullahi's moves for acquittal. Doc. No. 99. The Government opposes the motion. Doc. No. 103. For the reasons below, the motion is denied.

## I.    BACKGROUND

A superseding indictment charged Abdullahi with (1) kidnapping in violation of 18 U.S.C. § 1201(a)(1), and (2) attempted witness tampering, in violation of 18 U.S.C. § 1512(b)(1). Doc. No. 30. The Government alleged that Abdullahi brandished a handgun, unlawfully seized S.I., and then forced her to drive across state lines to withdraw money for him. The Government also alleged that Abdullahi requested his sister contact S.I. to prevent her cooperation and testimony against him.

Trial began on December 6, 2022. Doc. No. 79. When the Government's case-in-chief concluded, Abdullahi moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing insufficiency of evidence. Id. at 3. That motion was denied. Id. On December 9, 2022, the jury returned guilty verdicts on both counts. Id. at 4. Abdullahi now renews his motion for acquittal.

## II.      DISCUSSION

On a defendant's motion, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A post-verdict judgment of acquittal is warranted only if, "viewing the evidence in the light most favorable to the Government and accepting all reasonable inferences that may be drawn in favor of the verdict, no reasonable jury could have found the defendant guilty." United States v. Jenkins, 758 F.3d 1046, 1049 (8th Cir. 2014) (cleaned up). "This standard is 'very strict' and a jury's verdict should not be overturned lightly." United States v. Boesen, 491 F.3d 852, 855 (8th Cir. 2007) (quoting United States v. Ellefson, 419 F.3d 859, 862 (8th Cir. 2005)). A reviewing court "must neither assess the witnesses' credibility nor weigh the evidence." United States v. Johnson, 474 F.3d 1044, 1048 (8th Cir. 2007) (citing United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002)).

Abdullahi renews an argument he made at trial that the Berry factors[1] should control in deciding whether there was sufficient evidence to convict Abdullahi of kidnapping. In Berry, the Third Circuit analyzed four factors to assist in deciding whether a kidnapping took place. 604 F.2d at 227. However, the Berry factors have not been analyzed or addressed by the Eighth Circuit Court of Appeals, and the Court declines to adopt and apply the Berry factors here.

Judgment of acquittal is improper here. To the extent Abdullahi's motion asserts that the jury should have believed his preferred version of events, it is unpersuasive. Determinations of witness credibility rest firmly with the jury. United States v. Spight, 817 F.3d 1099, 1102 (8th Cir. 2016). Viewed in the light most favorable to the verdicts, S.I. testified that Abdullahi abducted her at gunpoint and forced her to drive across state lines in order steal money from her. The jury heard testimony from S.I. about the abduction and found her to be credible. The jury also viewed

---

[1] Gov't of Virgin Islands v. Berry, 604 F.2d 221 (3d Cir. 1979).

surveillance footage of the incident. All this evidence, and more, supports the guilty verdict under 18 U.S.C. § 1201.

As to the attempted witness tampering conviction, the jury heard a phone call between Abdullahi and his sister. It is possible to interpret the phone call as Abdullahi attempting to prevent S.I. from cooperating with law enforcement or testifying against him at his federal case. All this evidence, and more, supports the guilty verdict under 18 U.S.C. § 1512(b)(1). Considered as a whole, the evidence is sufficient to sustain convictions for both charges. Abdullahi is not entitled to judgment of acquittal.

### III. CONCLUSION

After reviewing the record, the parties' filings, and the relevant legal authority, Abdullahi's motion for acquittal (Doc. No. 99) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court